UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| JOSEPH G. WILLIAMS, Jr.,# 355111 | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-201 |
| | ) | |
| SULLIVAN COUNTY SHERIFF'S DEP'T, | ) | |
| SHERIFF WAYNE ANDERSON, MAJOR | ) | |
| BRENDA HENSLEY, CAPT. TROY | ) | |
| BRUNELLI, LT. BRIAN DILLARD, and | ) | |
| SGT. LORI DELP | ) | |

## **MEMORANDUM and ORDER**

Joseph G. Williams, Jr., a state prisoner formerly confined in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
        <u>or</u>
    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint on August 4, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at his present facility and to George Little, Commissioner of the Tennessee Department of Correction, to ensure full compliance with the fee-assessment procedures outlined above.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). The plaintiff has submitted copies of his grievances which enables the Court to conclude that he has exhausted his administrative remedies by offering the SCDC authorities an opportunity to address his complaints.

---

[1] Send the payments to:
Clerk, USDC
220 West Depot Street, Suite 220
Greeneville, TN 37743

In a handwritten attachment to his complaint, the plaintiff alleges three general claims. In the first one, he maintains that the SCDC is extremely overcrowded. More specifically, he contends that the facility houses approximately twice its stated capacity of 383 inmates (and more on weekends); that his 16-person cell now houses 31 inmates (with 44 square feet of floor space per inmate); that the overcrowding creates a fire hazard and a health hazard; that raw sewage (urine from people missing the toilet when they void) stands on the floors and toilets; that water from an overtaxed shower and leaking toilets pools on the floor; that trash, dust and dirt litter the floor; that mops and brooms are distributed only once a day; that noise is constant and often at an earsplitting level, which makes sleeping impossible; that inmates who do not get one of the 8 permanent bunk beds are forced to sleep on floor mattresses or on stack-a-bunks only, which makes it easy to inhale dust and dirt; and that, due to living in such close quarters, inmates become quick-tempered and hostile and face the threat of communicable diseases—indeed, two people in the plaintiff's cell have contracted a staph infection. He further claims that because of the short tempers, violence erupts and that, when a violent incident occurs, officers are unable to respond quickly because they cannot see what inmates are doing in their cells, and often arrive on the scene too late to help injured inmates. The plaintiff asserts that these overcrowded conditions violate his right to a safe and humane environment and have

3

adversely affected his physical and mental health.

In his second claim, the plaintiff contends that outdoor exercise, at best, is offered twice a week. Allowing him two exercise periods a week means that he is confined in his cell 24 hours a day on the other days, unless he goes to the doctor or the law library. He concludes that, given the overcrowding and the conditions arising therefrom, as well as recent scientific studies reporting that 15 minutes of direct sunlight a day is necessary to produce sufficient vitamin D, outdoor exercise is critical to his well-being and should be offered more frequently.

The third claim involves the plaintiff's allegations that he is not provided with adequate, nutritious meals. More particularly, he alleges that fruit is not served on the weekends (though he himself receives a serving of prunes on the weekends); that fresh fruit and fruit juice are never supplied; that the menu consists primarily of carbohydrates and starches; that, three days a week, inmates are served a light breakfast; and that non-working inmates, such as he, receive only a sandwich for lunch, and no side dishes, whereas, trusties are provided two side dishes. Treating non- trusties differently from trusties, according to the plaintiff, constitutes discrimination.

For these three alleged constitutional violations, the plaintiff seeks damages and injunctive relief.

At the outset, to the extent that the plaintiff's claims are based on the rights of other SCDC prisoners, those claims can proceed no further. This is so because the plaintiff must assert his own rights; he cannot base his claims for relief on the legal rights or interests of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also Whitmore v. Arkansas*, 495 U.S. 149 (1990) (a prisoner lacks standing to assert other prisoners' rights). Furthermore, the plaintiff himself is no longer housed in the SCDC [Doc. 7, Notice of Address Change]: thus, his own claims for injunctive relief with respect to that facility are moot. *Kensu v. Haigh*, 87 F.2d 172, 175 (6th Cir. 1996) (prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995).

This leaves only his claim for damages. However, the Prison Litigation Reform Act states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, although the plaintiff makes a bald contention that the stressful environment created by the confinement conditions are adversely affecting his physical and mental health, he offers no facts to flesh out the nature of his physical injury. Indeed, nothing beyond his conclusory allegation supports his claim of a physical injury for § 1997e(e)

5

purposes. The plaintiff himself is in the best position to plead facts, if these facts exist. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir.1995). Thus, absent a showing of a physical injury, which must be more than *de minimis*, the plaintiff's claim for monetary damages is frivolous. *See Robinson v. Corrections Corp. of America*, 14 Fed.Appx. 382, at *383 (6th Cir. June 20, 2001).

A separate order will enter dismissing this action as frivolous.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
